FILED

2012 MAY 31  P 2: 3b

U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

## UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF RHODE ISLAND

**DEBRA A. HOCKENHULL,**

      **Plaintiff,**

v.

**LAW OFFICE HOWARD LEE SCHIFF,
P.C.; and
DOE 1-5,**

      **Defendants.**

CA12- 415 S

Civil Action No. _____

---

### COMPLAINT

#### (Jury Trial Demanded)

    1.    Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C.
1692 et seq. ("FDCPA").

### JURISDICTION AND VENUE

    2.    This Court exercises jurisdiction under 15 U.S.C. 1692k and 28 U.S.C. 1331.
This District is of proper venue as Plaintiff is a resident within this District and Defendants
engaged in the activity alleged herein while Plaintiff so resided.

## PARTIES

3.      Plaintiff, DEBRA A. HOCKENHULL (hereinafter "Plaintiff" or "Mrs. Hockenhull"), is a natural person residing in Warwick, Rhode Island.  Defendant LAW OFFICE HOWARD LEE SCHIFF, P.C. is believed to be a Connecticut corporation maintaining its principle place of business at 510 Tolland Street in East Hartford, Connecticut.  Plaintiff is ignorant of the true names and capacities of the defendants sued herein as DOE 1-5, and therefore sues these defendants by such fictitious names.  Plaintiff will amend this Complaint to allege the true names and capacities once ascertained.  Plaintiff believes and thereon alleges that the fictitiously named defendants are responsible in some manner for the occurrences herein alleged, and that such defendants are responsible to Plaintiff for damages and/or monies owed. Defendant LAW OFFICE HOWARD LEE SCHIFF, P.C. and DOE 1-5 shall be jointly referred to as "Defendants" herein.

4.      Defendants regularly operate as third-party debt collectors and are "debt collectors" as defined in 15 U.S.C. 1692a.

## FACTUAL ALLEGATIONS

5.      Defendants engaged in collection efforts with regards to a consumer debt allegedly owed by Mrs. Hockenhull.

6.      On or about December 4, 2010, Defendants sent Mrs. Hockenhull an initial collection letter.  On December 12, 2010, Mrs. Hockenhull, pursuant to 15 USC 1692g, sent Defendants a letter disputing the alleged debt and requesting verification information.

7.     Defendants, having failed to provide Mrs. Hockenhull with the requested debt verification information, began calling her repeatedly. Most often Defendants would engage Mrs. Hockenhull with automated calls with a pre-recorded message demanding a return call. Defendants would often make 2-3 calls per day as early as 8:05am to as late at 8:55pm, including Sunday mornings. Approximately 100-calls were made to Mrs. Hockenhull between December 2010 and June 22, 2011.

8.     Having been unable to obtain debt verification information from Defendants and being harassed by Defendants' phone calls, Mrs. Hockenhull retained Mr. Robert Amador as counsel. Mr. Amador extended representation to Mrs. Hockenhull pursuant to sections 5.5(c)2 and 5.5(c)4 of the Rhode Island Rules of Professional Conduct to pursue her Fair Debt Collection Practices Act claims.

9.     On April 15, 2011, Mr. Amador faxed a letter of letter of representation to Defendants. The letter unambiguously stated that Mr. Amador represented Mrs. Hockenhull and that all further communication must be directed to him. Defendants continued to make collection calls to Mrs. Hockenhull on April 16.

10.     On April 18, 2011, Mr. Amador called Defendants. Defendants confirmed having received Mr. Amador's letter of representation on April 15. Without ever having contacted Mr. Amador by phone, mail or otherwise, Defendants continued to make collection calls to Mrs. Hockenhull.

11.     On or about May 20, 2011, Mr. Amador sent Defendants a demand letter for Defendants having committed violations of the Fair Debt Collection Practices Act, including having continued to contact a represented party.

12.     Despite having actual knowledge that Mrs. Hockenhull was represented by counsel, Defendants continued to call Mrs. Hockenhull through November 19, 2011.

13.     During the time Defendants were calling Mrs. Hockenhull, many telephone messages were left for her, the content of which is as follows: "This message is for Debra Hockenhull. If you are not Debra Hockenhull, please hang up now.  Please call Law Offices Howard Lee Schiff, attorneys in the practice of debt collection at (866)234-7606, Monday through Friday from 8:30 a.m. to 8:30 p.m.  When you call, please refer to CM number [account number]."

## CAUSES OF ACTION

### COUNT I

9.     Plaintiff re-alleges paragraphs 1 through 13, inclusive, and by this reference incorporate the same as though fully set forth herein.  Plaintiff is informed and believes and herein alleges that Defendants violated 15 U.S.C. 1692c(a)(2) with regards to Plaintiff as follows: (1) Defendants continued to make collection calls to Plaintiff after they had actual knowledge that Plaintiff was represented by counsel.

### COUNT II

10.     Plaintiff re-alleges paragraphs 1 through 13, inclusive, and by this reference incorporate the same as though fully set forth herein.  Plaintiff is informed and believes and herein alleges that Defendants violated 15 U.S.C. 1692d with regards to Plaintiff as follows: (1) Defendants' approximately 100-calls to Plaintiff, many of which were made after Defendant had

actual knowledge that Plaintiff was represented by counsel, constitute conduct the natural consequence of which was to harass Plaintiff.

## COUNT III

11.     Plaintiff re-alleges paragraphs 1 through 13, inclusive, and by this reference incorporate the same as though fully set forth herein.  Plaintiff is informed and believes and herein alleges that Defendants violated 15 USC 1692g(b) with regards to Plaintiff as follows: (1) Defendants continued their collection efforts against Plaintiff without having furnished Plaintiff with the requisite debt verification information.

## COUNT IV

12.     Plaintiff re-alleges paragraphs 1 through 13, inclusive, and by this reference incorporate the same as though fully set forth herein.  Plaintiff is informed and believes and herein alleges that Defendants violated 15 USC 1692d(6) and 1692e(11) with regards to Plaintiff as follows: Defendants disclosed the name of Defendants' firm, but failed to disclose the name of the caller in telephone messages to Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays judgment against Defendant for recovery, damages for Count I and II being in the alternative, as follows:

1.) For statutory damages in the amount of $1,000 pursuant to 15 U.S.C. 1692k(2);

2.) For actual damages of $2,255.00 for legal costs in responding to unlawful collection activity.

3.) For prejudgment interest in an amount to be proved at time of trial;

4.) For attorney's fees pursuant to 15 U.S.C. 1692(k)

5.) For the costs of this lawsuit; and

6.) For any other and further relief that the court considers proper.

## JURY DEMAND

Plaintiff demands a jury trial.


Date:  May 17, 2012

Debra A Hockenhull

Debra Hockenhull
(In Pro Se)
9452 Telephone Rd. 156
Ventura, CA. 93004
(888)308-1119 ext. 11