# UNITED STATES DISTRICT COURT
## DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| DEBRA A. HOCKENHULL | ) | CIVIL ACTION NO. CA 12 415 |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| LAW OFFICES HOWARD LEE SCHIFF P.C. | ) | |
| AND DOES 1-5 | ) | |
| Defendant | ) | OCTOBER 23, 2012 |

## MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO THE PROVISIONS OF FED. R. CIV. P. 12(c)

Defendant, LAW OFFICES HOWARD LEE SCHIFF, P.C., hereby moves this Court for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) on the grounds that there are no viable causes of action against the defendant herein.

As more fully set forth in the attached Memorandum of Law in Support of Motion for Judgment, plaintiff's claims are unfounded and unsupportable. There is no valid basis for plaintiff's allegations that defendant, LAW OFFICES HOWARD LEE SCHIFF, violated the Fair Debt Collection Practices Act.

Defendant is entitled to judgment in its favor as a matter of law.

DEFENDANT, LAW OFFICES HOWARD LEE
SCHIFF, P.C.

/S/*Robert E. Johnson*
Robert E. Johnson # 5575
Law Offices Howard Lee Schiff PC
10 Dorrance Street, # 515
Providence, RI 02903
401-861-3131

## CERTIFICATION OF SERVICE

I hereby certify that a copy of the foregoing and any attachments hereto were mailed, postage prepaid, on OCTOBER 23, 2012 to the following counsel of record:

**FOR PLAINTIFF**
ROBERT AMADOR
CENTENNIAL LAW OFFICES
9452 TELEPHONE ROAD 156
VENTURA, CALIFORNIA  93004

**FOR PLAINTIFF**
ROBERT B. JACQUARD
231 RESERVOIR AVENUE
PROVIDENCE, RI 02907

/s/ *Robert E. Johnson*
Robert E. Johnson

**THIS COMMUNICATION IS FROM A DEBT COLLECTOR.**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| DEBRA A. HOCKENHULL | ) | CIVIL ACTION NO. CA 12 415 |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| LAW OFFICES HOWARD LEE SCHIFF P.C. | ) | |
| AND DOES 1-5 | ) | |
| Defendant | ) | OCTOBER  23, 2012 |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S**
**MOTION FOR JUDGMENT ON THE PLEADINGS**

Defendant, Law Offices Howard Lee Schiff, P.C. [hereinafter, the "Schiff Law Office"], hereby submit the following Memorandum of Law in Support of its Motion for Judgment on the Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure:


**I.      BACKGROUND.**

Defendant, Schiff Law Office, located in East Hartford, Connecticut, is a firm which specializes in creditor's rights litigation.  The firm takes pride in its efforts to fully comply with the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* [hereinafter, "the Fair Debt Act"]*,* as well as all other laws regulating this area of practice.  The firm devotes substantial time, efforts and resources to compliance issues.


Ms. Hockenhull's complaint fails to state a valid claim under the Fair Debt Act, as more fully set forth below, and therefore, judgment must be entered in favor of the defendant.

3

## II    STANDARD OF REVIEW

A motion brought pursuant to Rule 12(c) "is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Hebert Abstract Co., Inc. v. Touchstone Props. Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990) (citations omitted).

A motion for judgment on the pleadings is reviewed under the same standard as a motion to dismiss under Rule 12(b)(6).  *GATX Leasing Corp. v. Nat'l Union Fire Ins. Co.*, 64 F.3d 1112, 1114 (7th Cir. 1995); *Constitution Bank v. DiMarco*, 815 F. Supp. 154, 157 (E.D. Pa. 1993).  The Court may not grant a judgment on the pleadings under Rule 12(c) "unless the movant clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law." *Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008) (quoting *Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 290-91 (3d Cir. 1988)).   In reviewing a motion for judgment on the pleadings, the Court may consider the allegations in the pleadings, the attached exhibits, matters of public record, and "undisputedly authentic" documents if the plaintiff's claims are based on such documents. *See Pension Benefit Guar. Corp. v. White Consol. Indus. Inc.*, 998 F.3d 1192, 1196-97 (3d Cir. 1993).   The Court must "view the facts presented in the pleadings and the inferences to be drawn there from in the light most favorable to the non-moving party." *Jablonski*, 863 F.2d at 290-91 (quoting *Soc'y Hill Civic Ass'n v. Harris*, 632 F.2d 1045, 1054 (3d Cir. 1980) (internal quotation marks omitted)).

4

The plaintiff's complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. "Factual allegations must be enough to raise a right to relief above the speculative level." 550 U.S. at 555. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 129 S.Ct. at 1949, *quoting Twombly*, 550 U.S. at 555. Therefore, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Id*.

The complaint in this case fails to a state any claims against the defendant upon which the plaintiff may prevail, and therefore, the defendant is entitled to judgment on the pleadings in its favor.

## III.    PLAINTIFF HAS FAILED TO ALLEGE A VALID CLAIM OF A VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT.

In 1977, Congress passed the Fair Debt Collection Practices Act [hereinafter, "FDCPA" or "the Fair Debt Act"] for the purpose of eliminating abusive debt collection practices. 15 U.S.C. § 1692, *et seq.* Attorneys at law who regularly practice in the area of consumer collection work are subject to the provisions of the Fair Debt Act, and must comply therewith. *See Heintz v. Jenkins*, 514 U.S. 291 (1995). The "least sophisticated consumer" and the "unsophisticated consumer" standards are objective standards which necessarily incorporate the concept of reasonableness. *See Gammon v. GC*

*Servs. Ltd. Partnership,* 27 F.3d 1254, 1257 (7th Cir.1994); *Clomon v. Jackson,* 988

F.2d 1314, 1319 (2d Cir.1993)(noting that in applying the " least sophisticated

consumer" standard, " courts have carefully preserved the concept of reasonableness,"

and that courts have " consistently applied" the standard " in a manner that protects

debt collectors against liability for unreasonable interpretations of collection notices").

     In this case, the Complaint alleges that defendant engaged in collection activities

with regard to a consumer debt, and that on December 12, 2010, plaintiff sent a letter

pursuant to 15 U.S.C. §1692g disputing the debt and "requesting verification

information." *Complaint ¶s 5 and 6.* Plaintiff alleges that despite this, defendants

"failed to provide Mrs. Hockenhull with the disputed verification information, began

calling repeatedly." *Id. at ¶7.* "Approximately 100-calls were made to Mrs. Hockenhull

between December 2010 and June 22, 2011." *Id.*

     Plaintiff then alleges that "Mr. Robert Amador…extended representation to Mrs.

Hockenhull…to pursue her Fair Debt Collection Practices claims." *Id. at ¶8.* "On April

15, 2011, Mr. Amador faxed a letter of representation to Defendants" but despite this,

"Defendants continued to make collection calls to Mrs. Hockenhull on April 16." *Id. at*

*¶9.* Plaintiff further alleges that defendant continued to contact Mrs. Hockenhull directly

and not Mr. Amador. *Id. at ¶s 10, 11 and 12.*

     Based upon these allegations, plaintiff alleges that the defendant violated 15

U.S.C. §s 1692c(a)(2), 1692d, 1692g(b), 1692d(6) and 1692e(11).

**A.    All Alleged Violations  More Than One Year Prior to the Commencement of
Suit are Barred by the One Year Statute of Limitations Found in 15 U.S.C.
§1692k.**

6

The Fair Debt Collection Practices Act contains a very clear one-year statute of limitations for the bringing of claims alleging violations thereof:

> **Jurisdiction**
>
> An action to enforce any liability created by this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within one year from the date on which the violation occurs.

The action herein was filed with this Court on May 31, 2012. Therefore, any alleged violations of the FDCPA which occurred prior to May 31, 2011 are barred by the one year statute of limitations. This would include any alleged failure to validate the debt prior to May 31, 2011, any telephone calls prior to May 31, 2011, and any alleged direct contact with Mrs. Hockenhull prior to May 31, 2011.

**B.    Defendant's Were Never Contacted by an Attorney Licensed to Practice Law in Rhode Island and Defendant Never Received Written Consent from Plaintiff to Discuss the Collection Case with Mr. Amador; Therefore, Defendant did not Violate the Provisions of 15 U.S.C. §1692c(2).**

In Count I, plaintiff alleges that defendant violated 15 U.S.C. §1692c(2) by contacting Mrs. Hockenhull directly after allegedly having notice that the plaintiff was represented by counsel. 15 U.S.C. §1692c provides in relevant part:

> **Communication with the consumer generally**
>
> Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt-
>
> …
>
> (2)     if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a

> communication from the debt collector or unless the attorney
> consents to direct communication with the consumer; or

Mr. Amador of the Centennial Law Offices of Ventura, California contacted defendant by fax on or about April 18, 2011. *Affidavit of Jeanine M. Dumont in Support of Motion for Judgment at ¶8.* Mr. Amador failed to provide defendant with written consent from Mrs. Hockenhull to speak to Mr. Amador and/or the Centennial Law Offices. *Id.* Mr. Amador also called defendant on April 18, 2011 wanting to discuss this collection case with defendant. *Id.* He was advised that without written consent from Mrs. Hockenhull, defendant could not discuss this matter with him. *Id.*

Mr. Amador called defendant again on May 13, 2011 to discuss the collection case. Again, he was advised that defendant needed written consent from Mrs. Hockenhull to speak to him. Mr. Amador did not respond to this request and appears to have hung up. *Id. at ¶9.*

Mr. Amador sent a letter to defendant dated May 20, 2011 making demands to the defendant for alleged violations of the FDCPA. *Id. at ¶10.* Defendant responded by letter dated June 1, 2011 wherein Mr. Amador was expressly advised: (1) it did not appear that Mr. Amador was licensed to practice law in Rhode Island; (2) Mr. Amador had not provided defendant with written consent to speak to Ms. Hockenhull; and (3) defendant was unable to confirm that Mr. Amador is admitted in the California bar. *Id. at ¶11.* Mr. Amador failed to respond to the defendant's May 20, 2011 letter. *Id.*

Notwithstanding, plaintiff alleges that the Schiff Law Offices violated 15 U.S.C. §1692c by directly contacting her after having notice that she was represented by Mr. Amador.

15 U.S.C. §1692c(b) expressly provides:

**Communication with third parties**
Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

Mr. Amador is not licensed to practice law in Rhode Island.  He failed to provide

defendant with any confirmation that he was a licensed attorney in any state.  Mr.

Amador and/or plaintiff never provided the defendant with any written consent to speak

to Mr. Amador.  Moreover, he failed to respond to even defendant's letter, and

therefore, defendant was entitled to assume that Mr. Amador did not represent Mrs.

Hockenhull further and did not have Rhode Island counsel.

Rule 5.5 of the Rhode Island Professional Rules of Conduct provides:

(a) A lawyer shall not practice law in a jurisdiction in violation of the regulation of the legal profession in that jurisdiction, or assist another in doing so.

(b) A lawyer who is not admitted to practice in this jurisdiction shall not:

(1) except as authorized by these Rules or other law, establish an office or other systematic and continuous presence in this jurisdiction for the practice of law; or

(2) hold out to the public or otherwise represent that the lawyer is admitted to practice law in this jurisdiction.

(c) A lawyer admitted in another United States jurisdiction, and not disbarred or suspended from practice in any jurisdiction, may provide legal services on a temporary basis in this jurisdiction that:

(1) are undertaken in association with a lawyer who is admitted to practice in this jurisdiction and who actively participates in the matter;

(2) are in or reasonably related to a pending or potential proceeding before a tribunal in this or another jurisdiction, if the lawyer, or a person the lawyer is

assisting, is authorized by law or order to appear in such proceeding or
reasonably expects to be so authorized.

(3) are in or reasonably related to a pending or potential arbitration, mediation, or
other alternative dispute resolution proceeding in this or another jurisdiction, if the
services arise out of or are reasonably related to the lawyer's practice in a
jurisdiction in which the lawyer is admitted to practice and are not services for
which the forum requires pro hac vice admission; or

(4) are not within paragraphs (c)(2) or (c)(3) and arise out of or are reasonably
related to the lawyer's practice in a jurisdiction in which the lawyer is admitted to
practice.

At the time of Mr. Amador's communications, Mr. Amador was neither licensed to

practice law in Rhode Island nor undertaken in association with any lawyer in Rhode

Island who was actively participating in this case.  Moreover, it is abundantly clear that,

at the time Mr. Amador communicated with the Schiff Law Office, there was no basis for

any claim against the Schiff Law Offices.  Instead, because he repeatedly failed to

respond to any requests for proof of his authority to speak on behalf of Mrs. Hockenhull,

he appears to have been trying to set up the defendant for a claim to collect money.

Further, Mr. Amador failed to respond to the communications from the Schiff Law

Office until this lawsuit was commenced—for a period *of 17 months.  Id. at ¶13.*

Therefore, the Schiff Law Office was entitled to presume that the debtor was no longer

represented by Mr. Amador, even if he was licensed to practice law.   *Bieber v.*

*Associated Collection Services, Inc.,* 631 F. Supp. 1410, 1417 (D. Kan. 1986); *In re*

*Webster, Docket No. 09-42027 (Mass. Bankr. Ct. August 21, 2009)* ["The debt collector

may … communicate with the debtor if the attorney does not respond within a

reasonable time…"].

Therefore, there is no valid claim against the Schiff Law Office based upon an

alleged violation of 15 U.S.C. §1692c(2).

**C.**      **There is no Valid Claim for an Alleged Violation of 15 U.S.C. §1692d.**

In Count II, plaintiff alleges that the Schiff Law Office violated the provisions of 15 U.S.C. §1692d by making "100-calls" to the plaintiff after the Schiff Law Offices had knowledge of plaintiff's representation by counsel.

Defendant has addressed the issue of the alleged representation of Mrs. Hockenhull by an attorney not licensed to practice in Rhode Island.  However, the allegation that 100 telephone calls were made to Mrs. Hockenhull is simply false. Defendant's phone log shows each call that was made to Mrs. Hockenhull, and there was no excessive calling to Mrs. Hockenhull.  *Affidavit of Jeanine M. Dumont at ¶4.* Moreover, the plaintiff has falsely alleged that 2-3 calls per day were placed to Mrs. Hockenhull or that calls were made as early as 8:05 a.m. and as late as 8:55 p.m. [1] *Id. at ¶s 6 and 7.*

15 U.S.C. §1692d provides:

A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(1)      The use or threat of use of violence or other criminal means to harm the physical person, reputation, or property of any person.

(2)      The use of obscene or profane language or language the natural consequence of which is to abuse the hearer or reader.

---

[1]  Even if this allegation was true, the FDCPA makes clear that call after 8:00 a.m. and before 9:00 p.m. "shall be assumed…convenient…"  15 U.S.C. §1692c(a)(1).  There is no allegation that suggests that these times were not convenient for Mrs. Hockenhull.  Therefore, there is no legal basis for any claim even based upon the allegations set forth in the Complaint with respect to the time of the telephone calls.

(3)     The publication of a list of consumers who allegedly refuse to pay debts, except to a consumer reporting agency or to persons meeting the requirements of section 1681a (f) or 1681b (3)[1] of this title.

(4)     The advertisement for sale of any debt to coerce payment of the debt.

(5)     Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

(6)     Except as provided in section 1692b of this title, the placement of telephone calls without meaningful disclosure of the caller's identity.

Based upon the facts presented here, there is no valid basis for any claim by this plaintiff under this section.

**D.      There is no Valid Claim for an Alleged Violation of 15 U.S.C. §1692g(b).**


Plaintiff's Count III purports to allege a violation of 15 U.S.C. §1692g(b) because

she claims that the Schiff Law Offices failed to validate the debt.  §1692g provides in

relevant part:

> Within five days after the initial communication with a consumer in connection
> with the collection of any debt, a debt collector shall, unless the following
> information is contained in the initial communication or the consumer has paid
> the debt, send the consumer a written notice containing-
>
> (1)      the amount of the debt;
>
> (2)      the name of the creditor to whom the debt is owed;
>
> (3)      a statement that unless the consumer, within thirty days after
>          receipt of the notice, disputes the validity of the debt, or any portion
>          thereof, the debt will be assumed to be valid by the debt collector;
>
> (4)      a statement that if the consumer notifies the debt collector in writing
>          within the thirty-day period that the debt, or any portion thereof, is
>          disputed, the debt collector will obtain verification of the debt or a
>          copy of a judgment against the consumer and a copy of such
>          verification or judgment will be mailed to the consumer by the debt
>          collector; and
>
> (5)      a statement that, upon the consumer's written request within the
>          thirty-day period, the debt collector will provide the consumer with
>          the name and address of the original creditor, if different from the
>          current creditor.
>
> (b)      **Disputed debts**
>          If the consumer notifies the debt collector in writing within the thirty-
>          day period described in subsection (a) of this section that the debt, or
>          any portion thereof, is disputed, or that the consumer requests the
>          name and address of the original creditor, the debt collector shall
>          cease collection of the debt, or any disputed portion thereof, until the
>          debt collector obtains verification of the debt or a copy of a judgment,
>          or the name and address of the original creditor, and a copy of such
>          verification or judgment, or name and address of the original creditor,
>          is mailed to the consumer by the debt collector. Collection activities
>          and communications that do not otherwise violate this subchapter

> may continue during the 30-day period referred to in subsection (a)
> unless the consumer has notified the debt collector in writing that the
> debt, or any portion of the debt, is disputed or that the consumer
> requests the name and address of the original creditor. Any collection
> activities and communication during the 30-day period may not
> overshadow or be inconsistent with the disclosure of the consumer's
> right to dispute the debt or request the name and address of the
> original creditor.

The Schiff Law Offices did not receive a request for validation from Mrs. Hockenhull.

*Affidavit of Jeanine M. Dumont at ¶s 3 and 11.*   If such a request had been received,

the firm has very clear procedures for stopping all collection activities until validation of

the debt had been sent to Mrs. Hockenhull.  *Id. at ¶14.*  Therefore, there is no valid

claim here based upon an alleged failure to validate the debt.

**E.      There is no Valid Claim for an Alleged Violations of 15 U.S.C. §1692d(6) or 1692e(11).**

Count IV purports to allege a claim that the Schiff Law Office failed to disclose

the name of the caller in violation of 15 U.S.C. §s 1692d(6) and 1692e(11).  15 U.S.C.

§1692d(6) prohibits "the placement of telephone calls without meaningful disclosure of

the caller's identity."  §1692(11) provides that it is a false, deceptive and misleading

representation to fail "to disclose in the initial written communication with the consumer

and, in addition, if the initial communication with the consumer is oral, in that initial oral

communication, that the debt collector is attempting to collect a debt and that any

information obtained will be used for that purpose, and the failure to disclose in

subsequent communications that the communication is from a debt collector, except

that this paragraph shall not apply to a formal pleading made in connection with a legal action."

Every call by the Schiff Law Office identifies that it is a call for the Law Offices Howard Lee Schiff and if the call if made by an employee, the name of the employee calling is given. *Affidavit of Jeanine M. Dumont at ¶5.* Therefore, there is no basis for Mrs. Hockenhull's claim that the defendant failed to disclose the name of the caller.

Therefore, there are simply no facts to support this allegation.

## IV.      CONCLUSION.

Based upon the foregoing, none of the plaintiff's alleged violations of the Fair Debt Act in Counts I, II, III and IV of the Complaint must fail, and therefore, judgment must be entered in favor of the defendant.

DEFENDANT, LAW OFFICES HOWARD LEE
SCHIFF, P.C.

/S/*Robert E. Johnson*_____
Robert E. Johnson # 5575
Law Offices Howard Lee Schiff PC
10 Dorrance Street, # 515
Providence, RI 02903
401-861-3131, ext 347

## CERTIFICATION OF SERVICE

I hereby certify that a copy of the foregoing and any attachments hereto were mailed, postage prepaid, on OCTOBER 23, 2012 to the following counsel of record:

**FOR PLAINTIFF**
ROBERT AMADOR
CENTENNIAL LAW OFFICES
9452 TELEPHONE ROAD 156
VENTURA, CALIFORNIA  93004

**FOR PLAINTIFF**
ROBERT B. JACQUARD
231 RESERVOIR AVENUE
PROVIDENCE, RI 02907

/s/ *Robert E. Johnson*
Robert E. Johnson

**THIS COMMUNICATION IS FROM A DEBT COLLECTOR.**