# UNITED STATES DISTRICT COURT
## DISTRICT OF RHODE ISLAND

DEBRA A. HOCKENHULL )      CIVIL ACTION NO. CA 12 415
        Plaintiff )
         )
v. )
         )
LAW OFFICES HOWARD LEE SCHIFF P.C. )
AND DOES 1-5 )
        Defendant )      OCTOBER 23, 2012

## AFFIDAVIT OF JEANINE M. DUMONT IN SUPPORT OF
## DEFENDANT'S MOTION FOR JUDGMENT

I, JEANINE M. DUMONT, depose and say as follows:

1.  I am attorney of record for the plaintiffs herein, and a partner with the Law Offices Howard Lee Schiff, P.C. ["the Schiff Law Office"].  Before joining the Schiff Law Office, I was an equity partner at Pepe & Hazard LLP for 17 years, and co-chair of the firm's Commercial Litigation Department specializing in creditor's rights, commercial collections and foreclosures.  I was first admitted to the practice of law in 1984, and I have been practicing law for 28 years.  My area of expertise is in creditor's rights and contested consumer collection cases.  I have been admitted and I am in good standing in the Rhode Island, Connecticut, Massachusetts, and California, as well as federal courts, including the District of Connecticut, the Second Circuit Court of Appeal, and the United

States Supreme Court. I am a speaker on creditors' rights subjects, and co-chair of the

Creditor's Rights Committee of the Connecticut Bar Association. I am the author of the

*Debt Collection* chapter of the Connecticut Bar Association's LAWYER'S DESKBOOK, as well

as PLEADINGS AND PRACTICE, A CONNECTICUT LAWYERS' DESKBOOK.

2. I make this Affidavit in support of the defendant's Motion for Judgment on the

Pleadings. There were two (2) collection cases referred to our office against Ms. Debra

Hockenhull. One involved a claim by G.E. Money Bank in the original amount of

$5,986.63 which was referred to our office on August 19, 2007 [hereinafter, "the G.E.

case"]. Mrs. Hockenhull stipulated to the entry of judgment in the G.E. case, and a true

and correct copy of the stipulation is attached hereto as **Exhibit A.** In the G.E. case,

Mrs. Hockenhull was "represented" by a debt consolidator, "Creditsolutions" and our

firm was provided with a signed agreement by Mrs. Hockenhull indicating that

"Creditsolutions" was handling this matter. **Exhibit B.** The G.E. case was closed by our

office in June 2008, and no further actions were taken to collect this debt by the Schiff

Law Office since that time.

3. In addition to the G.E. case, another claim was referred to our office by LVNV

Funding. This claim, in the original amount of $9,625.71, was referred to our office on

December 2, 2010 by LVNV Funding for a debt owed to NCOP XI, LLP (hereinafter, "the

NCOP case"). In the NCOP case, a validation notice as required by the Fair Debt

Collection Practices Act was sent by the plaintiff to Mrs. Hockenhull on December 4,

2010.  **Exhibit C.**  After this letter was sent to Mrs. Hockenhull, our firm did not receive

any correspondence indicating that Mrs. Hockenhull disputed the debt or requested

validation of the debt.  Moreover, there was no request that our office cease calling Mrs.

Hockenhull.

    4.  I reviewed our file which logs each call that was made to Mrs. Hockenhull, as

well as the date and the time of each telephone call.  Our file shows that telephone calls

were made to Mrs. Hockenhull relating to the NCOP case on the following dates:

January 22, 2011, February 5, 2011, February 10, 2011, February 12, 2011, February 19,

2011, February 25, 2011, March 5, 2011, March 12, 2011, March 19, 2011, March 26,

2011, April 2, 2011, April 9, 2011, April 16, 2011, April 23, 2011, April 29, 2011 and April

30, 2011.  Therefore, a total of 16 calls were made over a 4 month period of time, or **an

average of 4 calls per month**.  Therefore, Mrs. Hockenhull's allegation in ¶7 of her

Complaint that "approximately 100-calls" were made to her by the Schiff Law Office is

false.

    5.  When a call is made by our firm through our automatic dialer system, a

recording clearly identifies that the call is from Law Offices Howard Lee Schiff.

Moreover, if a call is made by a member of our staff, our staff always indentifies himself

or herself by name and our firm.  Therefore, any allegation that defendant failed to

disclose the name of the caller is simply false.

    6.  It is further alleged that our firm made 2-3 calls per day. *Complaint at ¶7.*

Based upon my review of the telephone logs associated with the NCOP case, there was never more than one call per day to Mrs. Hockenhull.  Therefore, this assertion is false.

7.  Plaintiff further alleges that our firm made calls to her as early at 8:05 a.m. and as late as 8:55 p.m.  *Id.*  This again is false.  I reviewed all of the calls made to Mrs. Hockenhull.  Our filed shows that the very latest any call was placed to Mrs. Hockenhull on the NCOP case was at 17:57 or 5:57 p.m.  The earliest any call was made by our office was at 12:47 p.m.  Therefore, no telephone calls were placed to Mrs. Hockenhull as early as 8:05 a.m. or as late as 8:55 p.m., as alleged in the Complaint.

8.  By date of April 18, 2011, our office received a fax from an out of state attorney with the *Centennial Law Offices* in Ventura, California.  The letter indicated that the firm *represented* Mrs. Hockenhull with respect to her debts.  That same day, our office was called by someone at the *Centennial Law Offices*.  Our office advised the caller that we could not speak to any third party about this debt without the signed consent of Mrs. Hockenhull in accordance with the provisions of 15 U.S.C. §1692c(b).  The caller accused our employee of "refusing" to speak to him, and our employee indicated that she was following the rules of our office which require written consent to speak to a third party.  The Centennial Law Offices never sent us anything signed by Mrs. Hockenhull giving us consent to speak to them about this case, and we could not consider the Centennial Law Offices as counsel to Mrs. Hockenhull since they were located in California, and not licensed in Rhode Island.

4

9. On May 13, 2011, our office received a telephone call from an attorney, "Robert Amador" who has appeared as counsel for Mrs. Hockenhull in this case. Mr. Amador stated that he is with the Centennial Law Office. When our staff advised Mr. Amador that we needed written permission to speak to him, Mr. Amador was silent and would not respond or hung up. After this call, again, no written consent was provided by Mrs. Hockenhull to speak to Mr. Amador or the Centennial Law Office.

10. Our firm received a letter from Mr. Amador of the Centennial Law Office dated May 20, 2011. **Exhibit D.** By this letter, Mr. Amador asserted that he "represented" Mrs. Hockenhull and threatened our firm with an alleged violation of the Fair Debt Collection Practices Act because we continued to call Mrs. Hockenhull knowing that she was represented by counsel. Mr. Amador asked that our office cease contact with Mrs. Hockenhull. Mr. Amador further accused our office of making "over 110" calls to Mrs. Hockenhull between December 2010 and May 2011 and that our office failed to provide Mrs. Hockenhull with validation of the debt. "per her written request of December 12, 2010." *Id.* Mr. Amador indicated that Mrs. Hockenhull had "incurred $955.00 in legal fees to date." *Id.*

11. The undersigned responded to Mr. Amador's letter on June 1, 2011. **Exhibit E.** Mr. Amador was asked to provide proof that he is admitted in Rhode Island or refer this matter to a Rhode Island attorney. The undersigned further indicated that we are unable to speak to an attorney who is not admitted in Rhode Island about this case

without written consent from Mrs. Hockenhull, and indicated that we were concerned

about the plaintiff being involved in an Internet scam since were unable to verify that

Mr. Amador was admitted to the California Bar. *Id.* Moreover, the undersigned

personally reviewed the number of telephone calls that had been made to Mrs.

Hockenhull between December 2010 and May 2011, and it was clear that the number of

calls was under 20. Therefore, Mr. Amador's assertion that "over 110" telephone calls

had been made to Mrs. Hockenhull by our firm was inaccurate. *Id.* As to the allegation

of the alleged failure to provide validation of the debt, the undersigned informed Mr.

Amador that there had been no request for validation of the debt by Mrs. Hockenhull in

the NCOP case. If such a request had been made to our firm, we would have

immediately sent her validation as requested. *Id.* Finally, the undersigned requested

that Mr. Amador provide proof of his admission in Rhode Island or California. *Id.*

However, Mr. Amador failed to respond to this request.

12. Attached hereto as **Exhibit F** is a copy of the Centennial Law Office website

that the undersigned was able to locate on June 1, 2011. There is no listing of Mr.

Amador as an attorney with this firm or admitted in California or Rhode Island. It

indicates that the firm provides "California Statewide Representation" and "Nationwide

Fair Debt Collection Practices Act (FDCPA) Representation." *Id.*

13. Mr. Amador never responded to my letter of June 1, 2011. Therefore,

telephone calls to Mrs. Hockenhull resumed in October 2011. Our office never heard

from Mr. Amador again until this lawsuit was served almost a year later in September 2012.

14. Our firm is committed to compliance with the Fair Debt Collection Practices Act and the ethical and fair practice of consumer collection work. If we received a request for validation of the debt from Mrs. Hockenhull, our process would have directed that a letter providing validation would have been promptly sent to Mrs. Hockenhull, and that all actions to collect the debt would have been suspended until such time as the validation had been sent to her. Therefore, Mr. Amador's assertions that we failed to validate the debt upon request from the plaintiff are false.

15. Moreover, our firm takes the FDCPA's prohibition against discussions with any third party without written consent from the debtor very seriously. In this case, Mr. Amador provided nothing to show that he was admitted in any state to the practice of law—even after requested to do so—and he failed to provide us with anything in writing from plaintiff consenting to our discussions with him about this case. His failure to respond to each request raised concerns that Mr. Amador was not Mrs. Hockenhull's "attorney" and/or that he did not have her consent to speak to us about this case.

16. Furthermore, Mr. Amador never responded to the undersigned's letter of June 1, 2011, and therefore, it was reasonable to presume that Mr. Amador was no longer involved in the NCOP case. As a result, it was reasonable to resume calling Mrs. Hockenhull about this debt five (5) months later in October 2011.

7

17. Based upon the foregoing, we do not believe that the plaintiff has any valid claim against our office based upon the Fair Debt Collections Practices Act or any other law, and judgment should be entered herein in favor of the Schiff Law Offices.

The foregoing is true and correct to the best of my knowledge and belief.

Executed at _EASY HARTFORD_, Connecticut, this _23 RD_ day of OCTOBER 2012.

_____
JEANINE M. DUMONT

STATE OF CONNECTICUT      )
                          ) ss: East Hartford, CT      October 23 2012
COUNTY OF HARTFORD        )

Then personally appeared JEANINE M. DUMONT, the above-named, and swore to me that the foregoing was true and correct to the best of his knowledge and belief, before me.

_____
NOTARY PUBLIC

MICHELLE M. MORRIS
NOTARY PUBLIC
MY COMMISSION EXPIRES FEB. 28, 2014

## CERTIFICATION OF SERVICE

I hereby certify that a copy of the foregoing and any attachments hereto were mailed, postage prepaid, on OCTOBER 23, 2012 to the following counsel of record:

**FOR PLAINTIFF**
ROBERT AMADOR
CENTENNIAL LAW OFFICES
9452 TELEPHONE ROAD 156
VENTURA, CALIFORNIA  93004

**FOR PLAINTIFF**
ROBERT B. JACQUARD
231 RESERVOIR AVENUE
PROVIDENCE, RI 02907

/s/ *Robert E. Johnson*
Robert E. Johnson

**THIS COMMUNICATION IS FROM A DEBT COLLECTOR.**

STATE OF RHODE ISLAND          DISTRICT COURT
KENT , sc.

                               THIRD DIVISION
                               C.A. NO: 074834

GE MONEY BANK , Plaintiff
                                        JUDGMENT BY
vs.                                     AGREEMENT

DEBRA HOCKENHULL
Defendant(s)

It is hereby agreed that judgment may be entered in this action
for Plaintiff herein against the Defendant(s) herein in the sum
of $5,375.63 , plus interest of $0 , attorneys fees of
$0 , plus court costs.  Interest continues to accrue
on the unpaid balance.

Payment of said judgment to be made as follows:

Defendant(s) are to pay the sum of $200.00 monthly
on or before DECEMBER 28,2007 and mailed to Plaintiff's
attorney, Law Offices Howard Lee Schiff P.C.,  Payment
Processing Center, POB 280245, East Hartford CT 06128-0245. In
the event any one payment is not received as stated herein this
agreement shall be automatically revoked and Plaintiff may
proceed to collect the full execution,  crediting any payments
received prior to default in payment as required herein to said
execution balance.

All parties below waive notice otherwise required by Rule 77.

PLAINTIFF                      DEFENDANT(S)

_____          _Debra Hockenhull_ 1-15-08
Jeanine M. Dumont Esq.         DEBRA HOCKENHULL
Attorney for Plaintiff         Pro se
#6874

                               _____

                               Pro se

IS CN-P96679

        THIS COMMUNICATION IS FROM A DEBT COLLECTOR


# EXHIBIT A

'06/2007    01:33 PM                                                    Page:

P96679


**creditsolutions**
debt relief for today   (800) 353-7630

## FACSIMILE TRANSMITTAL SHEET

**To:**

Recipient: --

Lowes Credit Card by GE MoneyBank

**Fax:**

+1 (508) 7530260

**From:**

Andy P. Barber

Credit Solutions

**Fax:**

Phone: (800) 979-0132

RE: Attachment: POA/POA/OTHER
- CSA Engagement Creditor Notification Fax1

**Number of pages including cover:**

3

# EXHIBIT B

'06/2007    01:35 PM



September 6, 2007
Lowes Credit Card by GE MoneyBank

P O Box 530914
Atlanta, GA 30353-0914

Re:  Debra Hockenhull
ACCOUNT NO:  4305982561063598

To whom it may concern,

This letter is to inform you that **Credit Solutions of America**™ has been appointed as the *negotiating and debt settlement agent* for the above mentioned client.  As a result of circumstances beyond our client's control, which have curtailed their ability to meet their normal payment schedules, our client has been forced to engage CSA™ for the sole purpose of debt management assistance.  The client has acknowledged the need for financial assistance *and has engaged the services of CSA™* as a measure of dealing with ALL of their credit and not just one individual account.  The number of credit accounts the client holds has become entirely overwhelming, and the resolutions that each different creditor wants simply does not fit within the realm of the client's finances.  CSA™ has recommended a strict economic budget and savings plan to our client, in order to settle all of their outstanding unsecured debt.  This has been recommended, taking into consideration our client's budget and the desire of all parties involved, to accomplish this in as timely a manner as possible.  Since our client has multiple creditors enrolled in our program, CSA™, as the agent, with "Limited Power of Attorney", will contact your office as money becomes available with a proposal for debt settlement.  <u>Please be advised, should our client's financial situation improve at any point within our program, CSA™ will notify your office for a settlement proposal, ahead of the recommended schedule.</u>

CSA™ will continue to maintain an open line of communication between our offices to ensure the client's willingness to make restitution to the best of their ability.  <u>We simply ask out of professional courtesy, please be patient, as you WILL receive a settlement proposal as soon as money becomes available.</u>  For your records, we have attached a "LIMITED POWER OF ATTORNEY" signed by our client.  Please update your records to record the fact of our Power of Attorney in order to expedite communications between our offices.  Thank you very much for your cooperation in this matter, and we look forward to contacting you to resolve this account as soon as possible.  <u>Should you have any questions or concerns regarding this account, please redirect your calls to our offices at (972) 252-1815, and we will be more than happy to discuss any details of our program or other information that will assist you in your decision making process.</u>

Sincerely,

CSA™ Settlement Department

** <u>PLEASE NOTE</u>: At the account holder's request, if the above stated account has not already previously been closed, we professionally ask your office to please close account **4305982561063598**, and notify in writing, the above-mentioned client and all credit reporting agencies to which you report, the account has been closed at the account holder's request.  **Thank you in advance for your courtesy and professional cooperation in dealing with this matter.**

'08/2007     01:34 PM                                                                                    Page:

## CSA Credit Solutions of America

# LIMITED POWER OF ATTORNEY

I / We Debra Hockenhull as the Principle(s) have the right and as such appoint CSA - Credit Solutions of America, Inc. (hereinafter know a "ATTORNEY IN FACT") with full power and authority to perform each and every act which may be necessary or convenient to connect wit the following tasks, as fully, and for all intents and purposes as I might or could do if personally present, hereby ratifying and confirming all that my said ATTORNEY IN FACT shall lawfully do or cause to be done in my name or behalf; to wit:

TO PROACTIVELY INTERCEDE AND/OR INTERVENE AND/OR NEGOTIATE, MEDIATE, OR ARBITRATE THE SETTLEMENT ( ANY AND ALL OF MY CREDITOR CLAIMS, SUITS, LIENS, JUDGMENTS, AND/OR DISPUTES.

**Be it further known and understood that I/We consider the failure of any creditor, third party agent (collection agent or member of t bar) to recognize this power of attorney to intentionally be acting to interfere with my/our prospective contractual advantage, which may be legally actionable in tort.**

### NOTICE:

**A.** In accordance with the section 805(B) of the Fair Debt Collection Act; 15 U.S.C. 1692o, I/we hereby authorize all future communications from any/all government agencies, creditors, collection agents, attorneys, credit bureaus, or any other third parties to be directed to the ATTORNEY IN FACT, stated above.

**B.** In accordance with the 805(C) of The Fair Debt Collection Act, 15 U.S.C. 1692o, the recipient of an original, photocopy, or facsimile of this document is specifically instructed by me/us in any manner whatsoever and to direct all future communications to the designated ATTORNEY IN FACT stated above.

**C.** This limited power of attorney is effective upon signing of the principal(s) and specifically authorizes the recipient authorized agent upon receipt to disclose, talk about, communicate about, convey documents to and to otherwise provide the above stated ATTORNEY IN FACT, anything and any information that they would otherwise provide to and disclose as information concerning any payable, debt, account, lien, suit, or judgment for which I/we are allegedly responsible, disputed or otherwise.

**D.** The recipient of this LIMITED POWER OF ATTORNEY FORM, whether by original, photocopy or facsimile, is specifically instructed by the undersigned PRINCIPAL(S) to contact the designated ATTORNEY IN FACT at the addresses set forth below; in addition, under the general laws under the Fair Debt Collections Practice Act, and the Fair Credit Reporting Act, as a creditor or third party agent of a creditor, you do not have the ability to refuse to work with my/our designated ATTORNEY IN FACT, for such would constitute a refusal to work with me/us. If you so choose, you do so at your own risk.

**ATTORNEY IN FACT: CSA - Credit Solutions of America, Inc.**
15601 Dallas Parkway, Suite 700, Addison, Texas 75001
Phone: (469) 341-1551; Fax (214) 853-5997

Executed this 1st day of March , 2007.

Signature X _Debra A Hockenhull_

Signature X_____

LAW OFFICES

# HOWARD LEE SCHIFF, P.C.

PORTLAND, MAINE
AUBURN, MASSACHUSETTS
NASHUA, NEW HAMPSHIRE
PROVIDENCE, RHODE ISLAND
BRATTLEBORO, VERMONT

Howard Lee Schiff 1933-2012

CODE: R1 U82850                                    December 4, 2010
DEBRA HOCKENHULL
102 DELWOOD RD

WARWICK RI       28891

CURRENT OWNER: NCOP XI, LLC
DEBTOR: DEBRA HOCKENHULL
CURRENT BALANCE DUE:  $9,625.71          CN-U82850
ORIGINAL CREDITOR: NCOP XI, LLC
ORIGINAL CREDITOR ACCOUNT NUMBER: 4264283160984980

THIS IS AN ATTEMPT TO COLLECT A DEBT.  ANY FURTHER INFORMATION
OBTAINED WILL BE USED FOR THAT PURPOSE.  THIS COMMUNICATION IS
FROM A DEBT COLLECTOR.

This office represents NCOP XI, LLC.
We suggest that you send us a check or money order for the balance
due, payable to  "Law Offices Howard Lee Schiff, P.C."  unless you
intend to  exercise your rights as stated in the Validation Notice
below. All questions and payments should be directed to this firm.
Our telephone is (866) 234-7606. Please reference CN No. U82850 in
any correspondence with our office.  You may also make payments by
phone at (866) 214-9942 or on our website WWW.PAYSCHIFF.COM. When
you choose to make a payment with your bank account via the IVR
system and you enter your CN Number when prompted, you are
authorizing Law Offices Howard Lee Schiff, P.C. to debit your bank
account via ACH in the amount authorized towards payment of debt
owed.
                       VALIDATION NOTICE
   If you do not dispute the validity of the debt,  or any portion
thereof, within  30  days of the receipt of this letter,  the debt
collector will assume it is valid. If you dispute the validity of
this debt or any portion thereof in writing within 30 days of
receipt of this letter, we will obtain and mail you verification
of the debt or a copy of a judgment against you. At your request
in writing within 30 days of receipt of this letter, we will
provide you with the name and address of the original creditor, if
different from the current creditor.

Respectfully,

Law Offices Howard Lee Schiff PC
R1 RI

# EXHIBIT C

U82850

# CENTENNIAL LAW OFFICES

9452 Telephone Rd. 156
Ventura, CA. 93004
(888)308-1119
(888)535-8267 fax

---

**Response required by Jun 6, 2011**

---

*(Page 1 of 3)*

**May 20, 2011**

Howard Lee Shiff, P.C.
510 Tolland St
East Hartford, CT 06108

C.C.
Howard Lee Shiff, P.C.
10 Dorrance St Suite 515
Providence, RI 02903

**Re: Calls made to Debra Hockenhull at (401)739-6936.  (Your ref. CNU82850).**

To Whom It May Concern,

I represent Debra Hockenhull with regards to Fair Debt Collection Practices Act violations committed by The Law Office of Howard Lee Shiff.  Your office has been calling Mrs. Hockenhull in an attempt to collect a debt.

In a direct violation of 15 USC 1692c(a)(2), your office continued to contact Mrs. Hockenhull after Mrs. Hockenhull obtained representation and your office had actual knowledge of the same.

A letter of representation was faxed to your office on April 15, 2011, providing your office with actual knowledge that Mrs. Hockenhull was represented.  On April 18 I contacted your office and spoke with Pam, confirmed receipt of my letter of representation, and verbally reiterated the same.  On May 13 I contacted your office again, spoke with Mike, and demanded that your office cease contact with my client.

Despite having actual knowledge that Mrs. Hockenhull was represented by counsel as of April 15, your office continued to call Mrs. Hockenhull repeatedly.

In a direct violation of 15 USC 1692d, your office called Mrs. Hockenhull over 110 times from December 2010 through May 2011.

In a direct violation of 15 USC 1692g(b) your office failed to provide Mrs. Hockenhull with verification of the debt per her written request of December 12, 2010.

# EXHIBIT D

The relevant sections of the Fair Debt Collection Practices Act are provided below. Liability for violations of 15 USC 1692 provide for actual damages, statutory damages up to $1,000, and attorney's fees. Mrs. Hockenhull has incurred $955.00 in legal fees to date. Please contact me at the number provided below by June 6 as I'm sure Howard Lee Shiff, P.C. is willing to resolve this matter amicably and adopt procedures to avoid these types of violations in the future.

A failure to respond by June 6 will be construed as Howard Lee Shiff, P.C. having no intention of resolving this matter. A lawsuit will be filed in U.S. District Court. Any settlement after the lawsuit is filed will necessarily include the $350.00 filing fee and an additional $1,100.00 in attorney's fees. This correspondence is a good faith effort to mitigate reasonable attorney's fees under 1692k.

Sincerely,

Robert Amador, Esq.
(888)308-1119 ext. 11

Sec. 1692c. Communication in connection with debt collection

(a) Communication with the consumer generally

Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt--
   (2) if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer;

Sec. 1692d. Harassment or abuse

A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

Sec. 1692g. Validation of debts
(b) Disputed debts

If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

Sec. 1692k. Civil liability

(a) Amount of damages

Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of--
    (1) any actual damage sustained by such person as a result of such failure;
    (2)(A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000; or
    (B) in the case of a class action, (i) such amount for each named plaintiff as could be recovered under subparagraph (A), and (ii) such amount as the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector; and
    (3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court. On a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs.

LAW OFFICES

# HOWARD LEE SCHIFF, P.C.

EAST HARTFORD, CONNECTICUT
PORTLAND, MAINE
WORCESTER, MASSACHUSETTS
GILFORD, NEW HAMPSHIRE
PROVIDENCE, RHODE ISLAND
RUTLAND, VERMONT

510 Tolland Street   East Hartford, Connecticut 06108
Telephone  (860) 528-9991 Facsimile (860) 528-7602

June 1, 2011

*Via Fax*
888 535 8267

Robert Amador, Esq.
Centennial Law Offices
9452 Telephone Road 156
Ventura, California  93004

# EXHIBIT E

Re: *Debra Hockenhull*
Our CN # U82850

Dear Mr. Amador:

We are in receipt of your letter dated May 20, 2011, demanding a response by June 6, 2011.

Your letter states that you are "representing" Ms. Debra Hockenhull with respect to purported Fair Debt Collection Practices Act claims against our office. Unfortunately, we have been unable to confirm that you are admitted to practice in Rhode Island, and therefore, we believe that your letter represents the unauthorized practice of law. If you could provide us with evidence that you are admitted in Rhode Island, I would appreciate it. Otherwise, we ask that you refer this matter to local counsel, and ask that local counsel contact us in the future.

As to the contents of your letter, we disagree that we have had any valid notice that Ms. Hockenhull is "represented" by your firm. We received a fax indicating that the "Centennial Law Offices" in California represented Ms. Hockenhull, but you are not admitted in Rhode Island and you did not provide us with a power of attorney signed by Ms. Hockenhull. Therefore, we were unable to discuss this case with your office. Therefore, you claims are completely unfounded.

Every day, we hear from consumers who have been taken in by Internet scams by paying money to out of state "law firms" such as yours, only to find out that all of their money is gone, and no efforts have been made to settle their debts, as promised. There are numerous entities such as yours, and while some may be legitimate, there are many which are not, and are merely trolling the web for innocent victims. The fact that you are purporting to represent someone in Rhode Island without a license to practice law suggests that your firm may be not be legitimate since any ethical lawyer would know that this conduct represents the

THIS COMMUNICATION IS FROM A DEBT COLLECTOR

unauthorized practice of law.  Indeed, I have been unable to verify that you are even admitted to the California Bar.

You assert that our office contacted Ms. Hockenhull over 110 times since December 2010.  This is completely inaccurate.  We have a log of all calls made to Ms. Hockenhull, and the number is below 20.

You further assert that our office failed to provide Ms. Hockenhull with verification of the debt despite her written request.  Again, this is another false accusation.  We never received a request for verification from Ms. Hockenhull.  Had we received such a request, we would have honored her request immediately.

If we receive another letter from your firm indicating that you "represent" someone in Rhode Island without proof that you are admitted to practice law in this state, we will immediately report you to the Rhode Island and California State Bar associations.  Moreover, your efforts to extort money from our firm without any legal or ethical basis are duly noted.

Sincerely,

Jeanine M. Dumont

ENCLOSURES

cc:     Debra Hockenhull
        102 Delwood Drive
        Warwick, RI  28891



California Statewide Representation
Nationwide Fair Debt Collection Practices Act
(FDCPA) Representation

Home   |   Videos   |   Articles   |   Contact Us   |   Client Log-in



**Centennial Law Offices**
is committed to providing highly effective and
efficient legal representation. Our client's interests
define our uncompromising duty and loyalty.

**Representation**
**For Businesses & Organizations**
We take pride in providing our business clients
with proactive representation and innovative
solutions.
Whether in litigation or routine transactional
representation, we make the effort to become
familiar with our client's organization and goals.
We offer effective representation tailored to our
client's requirements, including costs.

**Individual Representation-**
Many times litigation involves personal elements.
We understand this and pride ourselves in identifying with our clients, rather than just the legal case.
We take the time to understand your concerns and expectations to ensure that your legal issues are
handled accordingly. Loyalty, candor, and competence are the hallmarks of representation from
Centennial Law Offices.

Areas Of Practice

Debtor Relief

Business Law

Consumer Protection Law

Insurance Law

Landlord/Tenant

Personal Injury

Property Damage

Report Telephone
Harassment

**INFORMATION CONTAINED IN THIS WEBSITE IS NOT LEGAL ADVICE.**

The information presented under each area of practice is intended to provide a broad overview of various aspects of the law in which Centennial Law Offices provides
representation. Given the varying factual circumstances surrounding your legal issue(s), the law(s) applicable to your situation will vary. No attorney-client relationship is
created by any means or use of this site until such time as a retainer agreement is executed. R. Amador, Esq. is responsible for the content of this site. Centennial Law
Offices may represent clients in California and in most federal jurisdictions, and may associate counsel in other federal jurisdictions as necessary for prosecution of (federal
law) Fair Debt Collection Practices Act cases.

# EXHIBIT F



California Statewide Representation
Nationwide Fair Debt Collection Practices Act
(FDCPA) Representation

Home    |    Videos    |    Articles    |    Contact Us    |    Client Log-in

## *DEBTOR RELIEF*

Areas Of Practice

If you have debt or alleged debt and need assistance in dealing with creditors/collection companies:

Debtor Relief

**1.) We will STOP all phone calls/letters from collection agencies.** Collection agencies will only
contact you through us - no more phone calls/threatening letters to disturb you at home or work.

Business Law

**2.) An attorney will review the validity and accuracy of your debts and ensure creditor compliance**
with the federal Fair Credit Reporting Act and Fair Debt Collection Practices Act.

Consumer Protection Law

**3.) If you desire, we will also negotiate to reduce your debt and/or restructure your payments to**
facilitate your financial recovery and stability. In some cases principle balances are reduced more
than 50%. However, enrolling in our Debtor Relief program *does not* obligate you to begin making
payments on any of your debt.

Insurance Law

Our debtor relief program is simple, effective, and inexpensive. We charge a one-time **$55.00**
enrollment fee (payable in two monthly payments of $27.50) to represent you on up to five debts.*
The program lasts six months during which time we will work to negotiate down your balances. We
do not charge a percentage of any debt reduction and there are no other fees of any type.

Landlord/Tenant

Personal Injury

Protect your assets and live in peace. Enroll in our debtor relief program today, the collection calls
will stop! **Click here to enroll now.**

Property Damage

*Debts are eligible for our debtor relief program that are not currently subject to any judicial
proceeding (lawsuit or current bankruptcy filing).

Report Telephone
Harassment

Regardless of whether you actually owe a debt, if a debt collection company has engaged in
harassment or other violation of the **Fair Debt Collection Practices Act**, the collection company
may wind up owing you more money than they were trying to collect from you.

**INFORMATION CONTAINED IN THIS WEBSITE IS NOT LEGAL ADVICE.**

The information presented under each area of practice is intended to provide a broad overview of various aspects of the law in which Centennial Law Offices provides
representation. Given the varying factual circumstances surrounding your legal issue(s), the law(s) applicable to your situation will vary. No attorney-client relationship is
created by any means or use of this site until such time as a retainer agreement is executed.



California Statewide Representation
Nationwide Fair Debt Collection Practices Act
(FDCPA) Representation

Home  |  Videos  |  Articles  |  Contact Us  |  Client Log-in

## REPORT TELEPHONE HARASSMENT

**Areas Of Practice**

Debt collection activities are at an all-time high. Unfortunately, some debt collection companies employ means that are abusive, harassing, or otherwise illegal. Often a debt collector will be calling the wrong number or harassing someone for a debt they do not owe.

**Regardless whether you OWE MONEY or DO NOT OWE MONEY, if you are being harassed by debt collection companies, submit a Telephone Harassment Report and we will:**

1.) STOP the phone calls immediately.

2.) Seek to recover compensation from the offending collection company under the federal Fair Debt Collection Practices Act (FDCPA), which allows you to recover up to $1,000 plus any actual damages and attorney's fees.

Submit a Telephone Harassment Report:

**Click here to submit a Telephone Harassment Report** if you **do not owe debt** and your number is being called by mistake or they are calling for someone else, even if you know that person. As a victim of telephone harassment, you are entitled to recover up to $1,000 under federal law.

**Click here to submit a Telephone Harassment Report** if you either **do owe debt or are unsure**. As a victim of telephone harassment, you are entitled to recover up to $1,000 regardless whether you owe debt or not.

It does not matter if the collection company has been dialing the wrong number or otherwise calling you in error. Submit a report if you have experienced any of the activity listed below. Legal fees/costs are paid exclusively only from a recovery. You will pay nothing out-of-pocket. It does not matter whether you owe a debt or not. You may recover compensation well in excess of any genuine debt a collection company was trying to collect. It also does not matter if you have been unable to identify the debt collector (collection agency) by name.

File the report immediately if you have experienced any of the following:

· You have experienced repeated calls (including computerized automated calls) from what you believe is a debt collector.

· You have received even ONE call after you have informed the debt collector that they have the wrong number or that you won't help them locate the debtor.

· A debt collector has informed third parties that you owe a debt.

· A debt collector has called you before 8:00am or after 9:00pm.

· A debt collector has failed to identify themselves when calling you or a third party concerning you.

· A debt collector has engaged in any conduct you found to be harassing, oppressive, or abusive. This includes the making of any type of threats (including threats to "garnish your wages"), use of obscene language, excessive telephone calls, etc.

· A debt collector has called your place of employment after either you or your employer have forbade such calls.

· A debt collector has made any misrepresentation in connection with the collection of a debt (including the amount alleged owed).

· A debt collector has sent you post cards regarding a debt.

· A debt collector has sent you mail in which reference to a debt is printed on the outside of the envelope.

· A debt collector has used any false representation or otherwise deceptive means to collect a debt or obtain information about you.

This is not a complete list of actions for which you may seek relief and monetary compensation. For more information, see our **Fair Debt Collection Practices Act** page. Regardless whether or not you owe a debt, if you feel a collection company's actions are inappropriate, file a report above.

Debtor Relief

Business Law

Consumer Protection Law

Insurance Law

Landlord/Tenant

Personal Injury

Property Damage

Report Telephone Harassment

INFORMATION CONTAINED IN THIS WEBSITE IS NOT LEGAL ADVICE.

The information presented under each area of practice is intended to provide a broad overview of various aspects of the law in which Centennial Law Offices provides representation. Given the varying factual circumstances surrounding your legal issue(s), the law(s) applicable to your situation will vary. No attorney-client relationship is created by any means or use of this site until such time as a retainer agreement is executed. Centennial Law Offices may represent clients in California and in most federal