# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

|  |  |  |
|---|---|---|
| DEBRA A. HOCKENHULL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 12-cv-415S |
| | ) | |
| | ) | |
| LAW OFFICE HOWARD LEE SCHIFF, | ) | |
| P.C.; and | ) | |
| DOE 1-5, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS

Plaintiff Debra A. Hockenhull ("Plaintiff") files this Response In Opposition to Defendant's for Judgment on the Pleadings as follows:

## INTRODUCTION

Defendant has filed the current motion pursuant to F.R.C.P. 12(c) on the grounds that there are no viable causes of action alleged in Plaintiff's Complaint. Plaintiff responds, as set forth below, that Defendant's motion is frivolous. Defendant has attempted to argue and deny the facts as pled by Plaintiff rather than to show that Plaintiff failed to state any claims upon which Plaintiff may prevail. Defendant has also made straw man arguments against causes of action Plaintiff did not even plead. Most troubling, Defendant's motion relies on what appears to be deliberately misquoted sections of the Rhode Island Rules of Professional Conduct.

**STANDARD OF REVIEW**

Plaintiff is in agreement with the standard of review as submitted in Defendant's motion.

**RESPONSE TO DEFENDANT'S ARGUMENTS**

**A.     Statute of Limitations**

Defendant argues that Plaintiff's claims are barred by the statute of limitations.  Plaintiff has sufficiently pled facts supporting her contention that Defendant's actions giving rise to the causes of action occurred within one year of May 31, 2012, the date the action was filed. Plaintiff's facts supporting each cause of action are summarized as follows:

**Count I**

In paragraphs 9, 10, and 11 of the Complaint, Plaintiff alleged that her attorney informed Defendants on April 15, April 18, and May 20, 2011 that Plaintiff was represented by counsel. In paragraph 12, Plaintiff alleged: "Despite having actual knowledge that Mrs. Hockenhull was represented by counsel, Defendants continued to call Mrs. Hockenhull through November 19, 2011."  November 19, 2011 is within one year of the date the action was filed.

**Count II**

In paragraph 6 of the Complaint, Plaintiff alleged that Defendants would often call her 2-3 times per day as early as 8:05am to as late at 8:55pm, including Sunday mornings.  Plaintiff also alleged that Defendants placed approximately 100-calls to her between December 2010 and June 22, 2011.  Plaintiff also alleged calls continuing through November 19, 2011 even after Defendant was advised that she was represented by counsel.

In *Joseph v. J.J. Mac Intyre Companies, L.L.C.,* the court recognized and applied the "continuous violation doctrine" to an FDCPA case and noted that the doctrine is applicable to FDCPA cases under "appropriate circumstances."  To determine whether a case is "appropriate" for application of the continuous violation theory is the key question is "whether the conduct complained of constitutes a continuing pattern and course of conduct as opposed to unrelated discrete acts." (*Joseph v. J.J. Mac Intyre Companies, L.L.C.*, 281 F. Supp. 2d 1156 (N.D. Cal. 2003).  The court held "[i]f there is a pattern, then the suit is timely if the action is filed within one year of the most recent date on which the defendant is alleged to have violated the FDCPA." Joseph v. J.J. Mac Intyre Companies, L.L.C., 281 F. Supp.2d 1156 (N.D. Cal. 2003).

No one call, in and of itself, can be considered to give rise to a violation of 15 U.S.C. 1692d based on an allegation of excessive volume.  It is the continuing pattern of the calls that gives rise to the violation.  In the case at bar, Plaintiff has alleged that the calls continued through November 19, 2011, a date well within the statute of limitations.

### Count III

In paragraph 6 of the Complaint, Plaintiff alleged that she sent Defendants a letter disputing the alleged debt and requesting verification information.  In paragraph 7, Plaintiff alleged that Defendant failed to provide her with the requested debt verification information and began calling her repeatedly.  In paragraph 12, Plaintiff alleged that Defendant continued to call her through November 19, 2011.  November 19, 2011 is within one year of the date the action was filed.  Due to Defendant's failure to provide the requested verification information, any collection calls made to Plaintiff after Plaintiff's letter requesting said verification information were made in violation of 15 U.S.C. 1692g(b).

Defendant appears to confuse the prohibition of 1692g(b) with the affirmative duty of 15 U.S.C 1692g(a).  Defendant's collection calls through November 19, 2011 were violative of 1692g(b) where, as Plaintiff alleges, no debt verification information was provided when requested on December 12, 2010.  Any collection activity occurring after a failure to provide verification is in violation of 1692g.

### Count IV

In paragraph 12 of the Complaint, Plaintiff alleged that Defendant continued to call her through November 19, 2011.  In paragraph 13, Plaintiff alleged:

> "During the time Defendants were calling Mrs. Hockenhull, many telephone messages were left for her, the content of which is as follows: "This message is for Debra Hockenhull. If you are not Debra Hockenhull, please hang up now. Please call Law Offices Howard Lee Schiff, attorneys in the practice of debt collection at (866)234-7606, Monday through Friday from 8:30 a.m. to 8:30 p.m. When you call, please refer to CM number [account number]."

Plaintiff has therefore alleged that Defendant failed to disclose the name of the caller in telephone messages to Plaintiff through November 19, 2011, a date well within the statute of limitations.

### B.     15 U.S.C. 1692c(2)

Defendant has argued that Defendant did not violate 15 U.S.C. 1692c(2) since: 1.) Plaintiff was not represented by an attorney licensed in Rhode Island; 2.) Plaintiff did not furnish Defendant with a power of attorney as to her attorney; and 3.) Plaintiff's counsel did not respond to a letter from Defendant.

Defendant's argument is fatally flawed since 15 U.S.C. 1692c(2) does not require a consumer to be represented by counsel within their state of residence or furnish a collector with notice of a power of attorney.  Lastly, Plaintiff's counsel did not fail to respond to any applicable inquiry from Defendant.

### Plaintiff Was Represented By Legitimate Counsel

A debt collector may not communicate directly with a consumer concerning collection of a consumer debt if the collector knows that the consumer is represented by an attorney with respect to the debt and the attorney's name and address are known or can readily be ascertained. (15 USC §1692c(a)(2); (M*asuda v. Thomas Richards & Co.* (1991) 759 F.Supp. 1456, 1464; *Goins v. JBC & Assocs., P.O.* (2005} 352 F.Supp.2d 262, 272-273; *Eads v. Wolpoff & Abramson, LLP* (2008) 538 F.Supp.2d 981, 987-988).

Defendant does not deny actual knowledge that Plaintiff was represented by counsel as alleged by Plaintiff.  Instead, Defendant denies that Plaintiff's counsel, Robert Amador, had the ability to represent her.  On page 9-10 of Defendant's motion, Defendant has misrepresented the Rhode Island Rules of Prof. Conduct.  Defendant has clearly copied/pasted the applicable portion of the Rules into his motion and then changed a semi-colon to a period after section 5.5(c)(2). This alteration would change the Rules to support opposing counsel's inexplicable claim that Plaintiff's counsel Robert Amador needed to be associated with local counsel in order to represent Ms. Hockenhull in Rhode Island.  Since Defendant would not have typed the Rules into the motion, there is no realistic possibility of this being a typographical error.

Rule 5.5. of the Rhode Island Rules of Professional Conduct, stated correctly, is as follows:

"Rule 5.5. Unauthorized practice of law; Multijurisdictional practice of law. (a) A lawyer shall not practice law in a jurisdiction in violation of the regulation of the legal profession in that jurisdiction, or assist another in doing so.

(b) A lawyer who is not admitted to practice in this jurisdiction shall not:
    (1) except as authorized by these Rules or other law, establish an office or other systematic and continuous presence in this jurisdiction for the practice of law; or
    (2) hold out to the public or otherwise represent that the lawyer is admitted to practice law in this jurisdiction.

(c) A lawyer admitted in another United States jurisdiction, and not disbarred or suspended from practice in any jurisdiction, may provide legal services on a temporary basis in this jurisdiction that:
    (1) are undertaken in association with a lawyer who is admitted to practice in this jurisdiction and who actively participates in the matter;
    (2) are in or reasonably related to a pending or potential proceeding before a tribunal in this or another jurisdiction, if the lawyer, or a person the lawyer is assisting, is authorized by law or order to appear in such proceeding or reasonably expects to be so authorized;
    (3) are in or reasonably related to a pending or potential arbitration, mediation, or other alternative dispute resolution proceeding in this or another jurisdiction, if the services arise out of or are reasonably related to the lawyer's practice in a jurisdiction in which the lawyer is admitted to practice and are not services for which the forum requires pro hac vice admission; or
    (4) are not within paragraphs (c)(2) or (c)(3) and arise out of or are reasonably related to the lawyer's practice in a jurisdiction in which the lawyer is admitted to practice.

(d) A lawyer admitted in another United States jurisdiction, and not disbarred or suspended from practice in any jurisdiction, may provide legal services in this jurisdiction that:
    (1) are provided to the lawyer's employer or its organizational affiliates and are not services for which the forum requires pro hac vice admission; or

    (2) are services that the lawyer is authorized to provide by federal law or other law of this jurisdiction. (As adopted by the court on February 16, 2007, eff. April 15, 2007.)"

The applicable Rhode Island State Bar COMMENTARY to the Rules are as follows:

[10] Paragraph (c)(2) also provides that a lawyer rendering services in this jurisdiction on a temporary basis does not violate this Rule when the lawyer engages in conduct in anticipation of a proceeding or hearing in a jurisdiction in which the lawyer is authorized to practice law or in which the lawyer reasonably expects to be admitted pro hac vice. Examples of such conduct include

6

meetings with the client, interviews of potential witnesses, and the review of documents. Similarly, a lawyer admitted only in another jurisdiction may engage in conduct temporarily in this jurisdiction in connection with pending litigation in another jurisdiction in which the lawyer is or reasonably expects to be authorized to appear, including taking depositions in this jurisdiction.

[11] When a lawyer has been or reasonably expects to be admitted to appear before a court or administrative agency, paragraph (c)(2) also permits conduct by lawyers who are associated with that lawyer in the matter, but who do not expect to appear before the court or administrative agency. For example, subordinate lawyers may conduct research, review documents, and attend meetings with witnesses in support of the lawyer responsible for the litigation.

[12] Paragraph (c)(3) permits a lawyer admitted to practice law in another jurisdiction to perform services on a temporary basis in this jurisdiction if those services are in or reasonably related to a pending or potential arbitration, mediation, or other alternative dispute resolution proceeding in this or another jurisdiction, if the services arise out of or are reasonably related to the lawyer's practice in a jurisdiction in which the lawyer is admitted to practice. The lawyer, however, must obtain admission pro hac vice in the case of a court-annexed arbitration or mediation or otherwise if court rules or law so require.

[13] Paragraph (c)(4) permits a lawyer admitted in another jurisdiction to provide certain legal services on a temporary basis in this jurisdiction that arise out of or are reasonably related to the lawyer's practice in a jurisdiction in which the lawyer is admitted but are not within paragraphs (c)(2) or (c)(3). These services include both legal services and services that non lawyers may perform but that are considered the practice of law when performed by lawyers.

[14] Paragraphs (c)(3) and (c)(4) require that the services arise out of or be reasonably related to the lawyer's practice in a jurisdiction in which the lawyer is admitted. A variety of factors evidence such a relationship. The lawyer's client may have been previously represented by the lawyer, or may be resident in or have substantial contacts with the jurisdiction in which the lawyer is admitted. The matter, although involving other jurisdictions, may have a significant connection with that jurisdiction. In other cases, significant aspects of the lawyer's work might be conducted in that jurisdiction or a significant aspect of the matter may involve the law of that jurisdiction. The necessary relationship might arise when the client's activities or the legal issues involve multiple jurisdictions, such as when the officers of a multinational corporation survey potential business sites and seek the services of their lawyer in assessing the relative merits of each. In addition, the services may draw on the lawyer's recognized expertise developed through the regular practice of law on behalf of clients in matters involving a particular body of federal, nationally-uniform, foreign, or international law.

[15] Paragraph (d) identifies two circumstances in which a lawyer who is admitted to practice in another United States jurisdiction, and is not disbarred or suspended from practice in any jurisdiction, may establish an office or other systematic and continuous presence in this jurisdiction for the practice of law as well as provide legal services on a temporary basis. Except as provided in paragraphs (d)(1) and (d)(2), a lawyer who is admitted to practice law in another jurisdiction and who establishes an office or other systematic or continuous presence in this jurisdiction must become admitted to practice law generally in this jurisdiction.

Plaintiff's counsel properly represented Plaintiff pursuant to sections 5.5(c)2 and 5.5(c)4 of the Rhode Island Rules of Professional Conduct to pursue her Fair Debt Collection Practices Act claims. Defendant had actual knowledge that Plaintiff was represented by counsel and had the means to contact said counsel. Had Defendant doubted Plaintiff's counsel's standing as an attorney, Defendant could have simply called Plaintiff's counsel and obtained his state bar number. The affidavit of Jeanine Dumont in which she states the Centennial Law Offices website has no listing of Plaintiff's counsel, Robert Amador. Mr. Amador's name is listed on web page Defendant provided as EXHIBIT F.

## Power of Attorney

As previously stated, 15 U.S.C. 1692c(2) does not require a consumer or consumer's attorney to provide a collector with power of attorney.

## Alleged Failure to Respond to Defendant's Letter

Although discovery will reveal that Plaintiff's counsel called Defendant after receiving Defendant's letter, Defendant's letter did not request anything of Plaintiff's counsel that Plaintiff's counsel was required to furnish. Defendant's letter (Defendant's EXHIBIT E) asked Plaintiff's California counsel to show that he was a member of the Rhode Island bar or provide contact information for local counsel.

### C.      15 U.S.C. 1692d

Defendant has argued that Defendant did not violate 15 U.S.C. 1692d since Defendant did not call Plaintiff the number of times alleged.  Defendant incorrectly states that Plaintiff alleges 100 calls were made to Plaintiff after Defendant was notified that Plaintiff was represented by counsel.  Plaintiff alleged that: "Approximately 100-calls were made to Mrs. Hockenhull between December 2010 and June 22, 2011."  Defendant simply denies Plaintiff's allegations and attempts to argue the facts.  Defendant has completely failed to make any argument here in support of its present Rule 12(c) motion.

### D.      15 U.S.C. 1692g(b)

Defendant has argued that Defendant did not violate 15 U.S.C. 1692g(b) by declaring: "The Schiff Law Offices did not receive a request for validation from Mrs. Hockenhull." Plaintiff never alleged that she sent Defendant a request for validation.  Although Defendant apparently admits having not sent validation information and thus violating 15 U.S.C. 1692g(a), Defendant has failed to even allege that Plaintiff has failed to plead facts in support of her **15 U.S.C. 1692g(b)** cause of action.  In any event, as before, Defendant has simply denied Plaintiff's well-pled allegations.  Defendant has completely failed to make any argument here in support of its present Rule 12(c) motion.

### E.      15 U.S.C. 1692d(6) and 1692e(11)

Defendant has argued that Defendant did not violate 1692d(6) or 1692e(11) by declaring: "Every call by the Schiff Law Office identifies that it is a call for the Law Offices Howard Lee Schiff and if the call if [sic] made by an employee, the name of the employee calling is given."

In paragraph 13 of the Complaint, Plaintiff alleged that Defendant left her many telephone messages, the content of which were as follows:

> "This message is for Debra Hockenhull. If you are not Debra Hockenhull, please hang up now.  Please call Law Offices Howard Lee Schiff, attorneys in the practice of debt collection at (866)234-7606, Monday through Friday from 8:30 a.m. to 8:30 p.m.  When you call, please refer to CM number [account number]."

A debt collector placing telephone calls must make a "meaningful disclosure" of his or her identity.  (*Hosseinzadeh v. M.R.S. Associates, Inc.* 387 F. Supp.2d 1104; *Edwards v. Niagra Credit Solutions, Inc.* 586 F.Supp.2d 1346,1352).  Although a collection agency's messages contained no harassing language, they violated §1692d(6) by not identifying caller as a collection agency's employee or stating that call was attempt to collect debt; *Baker v. Allstate Fin'l Services, Inc.* 554 F.Supp.2d 945, 949 (noting that courts have uniformly held §1692d(6) requires debt collector to disclose caller's name, the collection agency's name, and the nature of agency's business).

## CONCLUSION

Plaintiff's Complaint contains sufficient factual matter, accepted as true, to support each of her causes of action.  It is also entirely plausible that Plaintiff is entitled to relief on each of her causes of action based on the allegations as alleged.  Plaintiff prays this Court should deny Defendant's Judgment on the Pleadings in its entirety.

November 12, 2012

s/ Robert Amador
_____
ROBERT AMADOR, ESQ.

Attorney for Plaintiff Debra Hockenhull
CENTENNIAL LAW OFFICES
9452 TELEPHONE RD. 156
VENTURA, CA. 93004
(888)308-1119 ext. 11
(888)535-8267 fax
R. Amador@centenniallawoffices.com


s/ Robert Jacquard_____
ROBERT B. JACQUARD, ESQ.
Attorney for Plaintiff Debra Hockenhull
231 Reservoir Ave.
Providence, RI. 02907
(401) 519-7220
BJacquard@gmail.com

## CERTIFICATE OF SERVICE

I certify that on this date, November 13, 2012, I mailed a copy of the foregoing First Class U.S. Mail, to the following party:

Robert E. Johnson, Jr.
Law Offices Howard Lee Schiff PC
10 Dorrance Street, Suite 515
Providence, Rhode Island 02903
Telephone (401) 861 3131
Fax (401) 861 0246

Attorney for Defendants

s/ Robert Amador
_____
ROBERT AMADOR, ESQ.
Attorney for Plaintiff Debra Hockenhull
CENTENNIAL LAW OFFICES
9452 TELEPHONE RD. 156
VENTURA, CA. 93004
(888)308-1119 ext. 11
(888)535-8267 fax
R. Amador@centenniallawoffices.com

s/ Robert Jacquard
ROBERT B. JACQUARD, ESQ.
Attorney for Plaintiff Debra Hockenhull
231 Reservoir Ave.
Providence, RI. 02907
(401) 519-7220
BJacquard@gmail.com