```
                    UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF RHODE ISLAND


_____
                                   )
DEBRA A. HOCKENHULL,               )
                                   )
          Plaintiff,               )
     v.                            )    C.A. No. 12-415 S
                                   )
LAW OFFICE HOWARD LEE SCHIFF,      )
P.C.; and DOE 1-5,                 )
                                   )
          Defendants.              )
_____)
```

**OPINION AND ORDER**

WILLIAM E. SMITH, United States District Judge.

Before the Court is Defendant Law Office Howard Lee Schiff, P.C.'s ("Schiff") Motion for Judgment on the Pleadings Pursuant to the Provisions of Federal Rule of Civil Procedure 12(c). For the reasons set forth below, the motion is DENIED.

I.   Background

Plaintiff Debra A. Hockenhull, a resident of Warwick, Rhode Island, has filed a four-count complaint (the "Complaint") against Defendant Schiff, a Connecticut corporation and third-party debt collector, and Does 1-5 (collectively with Schiff, the "Defendants"). Hockenhull accuses Defendants of violating numerous sections of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (the "FDCPA"), in connection with efforts

to collect consumer debt owed by Hockenhull. (See generally Compl., ECF No. 1.)

According to the Complaint, Defendants sent Hockenhull an initial collection letter on December 4, 2010, and Hockenhull responded on December 12, 2010, disputing the debt and requesting verification information. (Id. ¶ 6.) Defendants never provided this verification information, and instead began calling Hockenhull "repeatedly." (Id. ¶ 7.) Hockenhull alleges that Defendants called her two to three times a day, anytime from 8:05 a.m. until 8:55 p.m.; in all, Hockenhull alleges Defendants called her approximately one hundred times between December 2010 and June 22, 2011. (Id.) The calls consisted of automated and "pre-recorded messages demanding a return call." (Id. ¶¶ 7, 13.)

Hockenhull retained Robert Amador as counsel; on April 15, 2011, and again on April 18, 2011, Amador informed Defendants of his representation of Hockenhull. (Id. ¶¶ 8-10.) Nevertheless, Defendants allegedly continued to contact Hockenhull regarding the collection of her debt. (Id. ¶ 10.) As a result, on or about May 20, 2011, Amador sent a demand letter to Defendants, asserting violations of the FDCPA. (Id. ¶ 11.) Hockenhull claims that Defendants continued to call through November 19, 2011. (Id. ¶ 12.)

Hockenhull filed suit against Defendants on May 31, 2012. On October 24, 2012, Schiff filed the instant motion. (Def.'s Mot. for J. on the Pleadings, ECF No. 12.) Hockenhull responded on November 13, 2012. (Pl.'s Resp. in Opp'n to Def.'s Mot., ECF No. 14.)

II. Discussion

Rule 12(c) of the Federal Rules of Civil Procedure states that "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "The standard of review of a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is the same as that for a motion to dismiss under Rule 12(b)(6)." Marrero-Gutierrez v. Molina, 491 F.3d 1, 5 (1st Cir. 2007). A court "may not grant a defendant's Rule 12(c) motion 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Rivera-Gomez v. de Castro, 843 F.2d 631, 635 (1st Cir. 1988) (quoting George C. Frey Ready-Mixed Concrete, Inc. v. Pine Hill Concrete Mix Corp., 554 F.2d 551, 553 (2d Cir.1977)); see also Citibank Global Mkts., Inc. v. Rodriguez Santana, 573 F.3d 17, 23 (1st Cir. 2009) (explaining that "the complaint must plead facts that raise a right to relief above the speculative level" to survive a motion for judgment on the pleadings). "In the archetypical case, the fate of [a 12(c)] motion will depend

3

upon whether the pleadings, taken as a whole, reveal any potential dispute about one or more of the material facts." Gulf Coast Bank & Trust Co. v. Reder, 355 F.3d 35, 38 (1st Cir. 2004).

 A. Statute of Limitations

Schiff first argues that some of the allegations must be dismissed because the phone calls comprising those allegations occurred prior to May 31, 2011, and thus fall outside the one year statute of limitations.[1]  (Def.'s Mot. 6-7.)  Hockenhull, meanwhile, contends that the "continuous violation" theory applies.  (Pl.'s Resp. 2-3.)  While this Court has not yet addressed the issue of how the one year statute of limitations applies when some of the conduct occurred within the limitations period and some occurred outside of it, the courts that have considered the issue have found the continuous violation doctrine applicable and the action timely.  See, e.g., Devlin v. Law Offices Howard Lee Schiff, P.C., Civil Action No. 11-11902-JGD, 2012 WL 4469139, at *7 (D. Mass. Sept. 25, 2012) (citing cases).  As the Northern District of California put it:

> The key is whether the conduct complained of constitutes a continuing pattern and course of conduct as opposed to unrelated discrete acts.  If there is a pattern, then the suit is timely if "the action is

---

[1] 15 U.S.C. § 1692k(d) states that "[a]n action to enforce any liability created by this subchapter may be brought . . . within one year from the date on which the violation occurs."

4

>filed within one year of the most recent date on which the defendant is alleged to have violated the FDCPA."

Joseph v. J.J. Mac Intyre Cos., 281 F. Supp. 2d 1156, 1161 (N.D. Cal. 2003) (quoting Padilla v. Payco Gen. Am. Credits, Inc., 161 F. Supp. 2d 264, 273 (S.D.N.Y. 2001)).

This Court agrees with the reasoning of its sister courts. The Complaint alleges that Defendants repeatedly called and harassed Hockenhull from December 2010 through November 19, 2011. (Compl. ¶¶ 7-12.) This is a clear pattern of conduct and not a group of unrelated, discrete acts. Thus the continuing violation doctrine applies and the applicable date for statute of limitation purposes is the date of the last phone call: November 19, 2011. The Complaint was filed on May 31, 2012, well before the one year statute of limitations deadline of November 19, 2012. Thus, all of Hockenhull's claims are timely.

### B. Substantive Arguments

Aside from the statute of limitations argument, Schiff's motion contends that Hockenhull failed to state a valid claim for any of the counts alleged in the Complaint. These arguments have no merit. At their core, each is nothing but a disagreement over the material facts alleged in the Complaint.

#### Count I

In response to Count I, that Defendants violated 15 U.S.C. § 1692c(a)(2) by making collection calls after having knowledge

5

that Hockenhull was represented by counsel, Schiff argues that because Amador was not licensed to practice law in Rhode Island, never provided Schiff with confirmation that he was a licensed attorney, and never responded to Schiff's letter, Schiff was "entitled to assume that Mr. Amador did not represent Mrs. Hockenhull." (Def.'s Mot. 7-10.) Moreover, it argues that because Amador failed to respond in a timely manner, Schiff was entitled to presume Hockenhull was no longer represented. (Id. at 10.) Hockenhull, meanwhile, disputes the relevance of Amador not being licensed in Rhode Island and disputes the contention that Amador did not respond to Schiff's letter. (Pl.'s Resp. 5-8.) Schiff's arguments, which implicate both legal and factual issues, do not support judgment under Rule 12(c).

Regarding the legal issue of whether Amador's out-of-state law license negated Schiff's responsibility to comply with § 1692c(a)(2), Schiff's argument fails. Rule 5.5 of the Rhode Island Rules of Professional Conduct, entitled "Unauthorized Practice of Law; Multijurisdictional Practice of Law," provides:

> (c) A lawyer admitted in another United States jurisdiction, and not disbarred or suspended from practice in any jurisdiction, may provide legal services on a temporary basis in this jurisdiction that:
> . . . .
> (2) are in or reasonably related to a pending or potential proceeding before a tribunal in this or another jurisdiction, if the lawyer, or a person the lawyer is assisting, is authorized by law or order to

6

>     appear in such proceeding or <u>reasonably expects to be
>     so authorized</u>.

R.I. Supreme Court Rules of Professional Conduct, Article V, Rule 5.5(c)(2) (emphasis added.)  This Rule allows for an out-of-state attorney to represent a Rhode Island resident in a matter which he anticipates will lead to the filing of a lawsuit and <u>pro hac vice</u> motion; that is exactly the situation presented here.  <u>See</u> <u>id.</u> (Commentary).  Conversely, under Schiff's theory, Amador would be required to seek <u>pro hac vice</u> admission on a yet-to-be-filed case before he can prepare for the filing of the lawsuit which may or may not end up being filed.  This not only would be a waste of resources, it would make no sense; this is not what the Rules require.

Schiff also argues that Amador's conduct following receipt of Schiff's letter alleviated its obligation to comply with § 1692c(a)(2).  This argument raises both a legal and a factual issue.  First, it is not Amador's responsibility under § 1692c(a)(2) to provide confirmation that he is a licensed attorney.  Section 1692c(a)(2) simply requires that the debt collector "[have] knowledge of, or can readily ascertain, such attorney's name and address."  Moreover, the burden is on Schiff, the debt collector, to confirm this information.  Considering there is ample evidence that Schiff had Amador's name and address, Schiff's attempt to obtain judgment on the

7

pleadings by shifting the burden and requiring Amador and/or Hockenhull to provide any information, let alone information not required by statute, is improper.

Additionally, the root of Schiff's argument is a fundamental dispute over the communications that were (or were not) made between Amador and Schiff and whether those communications occurred "within a reasonable period of time." This disagreement is a fact issue which further precludes a Rule 12(c) motion. See Reder, 355 F.3d at 38; Rivera-Gomez, 843 F.2d at 635.

### Count II

In Count II, Hockenhull accuses Defendants of violating 15 U.S.C. § 1692d by making over one hundred phone calls to Hockenhull with the intent to harass her. Schiff's motion argues that "the allegation that 100 telephone calls were made to Mrs. Hockenhull is simply false." (Def.'s Mot. 11.) Schiff's reference to Jeanine M. Dumont's affidavit and Schiff's phone logs are irrelevant because the Court is still left with a question of material fact over how many calls were made and when they were made. Thus, Schiff cannot prevail on its Rule 12(c) motion. See Reder, 355 F.3d at 38; Rivera-Gomez, 843 F.2d at 635.

Count III

As with Count II, Schiff's argument in support of its motion for Count III, a violation of 15 U.S.C. § 1692g(b) for failing to furnish debt verification information, is merely a dispute over the truth of the allegations.  Stating that "Schiff Law Offices did not receive a request for validation from Mrs. Hockenhull" (Def.'s Mot. 14) and that "[i]f such a request had been received, the firm has very clear procedures for stopping all collection activities until validation of the debt had been sent" (id.) is wholly insufficient to establish "beyond doubt" that Hockenhull "can prove no set of facts in support" of her claim.  See Rivera-Gomez, 843 F.2d at 635.  Schiff's Rule 12(c) motion, therefore, must fail.

Count IV

Schiff's argument for judgment on the pleadings for Count IV fails for the same reason.  Hockenhull alleges that Defendants left telephone messages stating, "This message is for Debra Hockenhull.  If you are not Debra Hockenhull, please hang up now.  Please call Law Offices Howard Lee Schiff, attorneys in the practice of debt collection at (866)234-7606, Monday through Friday from 8:30 a.m. to 8:30 p.m.  When you call, please refer to CM number [account number]." (Compl. ¶ 13.)  This, according to Hockenhull, violated §§ 1592d(6) and e(11) of the FDCPA because disclosing the name of the law firm but not the name of

9

the caller does not satisfy the "meaningful disclosure" requirement.  Schiff's motion, meanwhile, asserts that "there is no basis" for the claim because "[e]very call by the Schiff Law Office identifies that it is a call for the Law Offices Howard Lee Schiff and if the call if [sic] made by an employee, the name of the employee calling is given."  (Def.'s Mot. 15.) Simply disagreeing with the allegations in the Complaint does not change the fact that Hockenhull has pleaded facts that, if proven true, entitle her to relief.  Thus, judgment pursuant to Rule 12(c) is inappropriate.  See Rodriguez Santana, 573 F.3d at 23; Rivera-Gomez, 843 F.2d at 635.

III. Conclusion

For the foregoing reasons, Schiff's motion for judgment on the pleadings pursuant to Rule 12(c) is DENIED.


IT IS SO ORDERED.


*/s/ William E. Smith*
William E. Smith
United States District Judge
Date:  December 13, 2012